## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WORLD CHESS MUSEUM, INC. d/b/a ) <br> WORLD CHESS HALL OF FAME ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WORLD CHESS FEDERATION, INC., ) <br> ) <br> and ) <br> ) <br> STAN VAUGHAN, Individually ) <br> ) <br> Defendants. ) | Case No. _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff World Chess Museum, Inc. d/b/a World Chess Hall of Fame ("World Chess Hall of Fame") seeks a permanent injunction, declaratory judgment, and other relief against Defendants World Chess Federation, Inc. ("WCF") and Stan Vaughan ("Vaughan") (collectively, "Defendants") arising out of Defendants' use of, and claim of ownership in, Plaintiff's service mark.

For its Complaint against Defendants, World Chess Hall of Fame alleges as follows:

### Parties

1. Plaintiff World Chess Hall of Fame is a Missouri non-profit corporation, with its principal place of business at 4652 Maryland Avenue, Saint Louis, Missouri 63108, United States.

2. On information and belief, Defendant WCF is a non-profit corporation organized and existing under the laws of the State of Nevada, having a principal place of business at 2533 East Palmera Drive, Las Vegas, Nevada 89121, United States.

3775724

3. On information and belief, Defendant Vaughan is an individual having a place of business at 2533 East Palmera Drive, Las Vegas, Nevada 89121, United States, and a residence in Las Vegas, Nevada.

### Jurisdiction and Venue

4. This is a Complaint for trademark infringement, unfair competition, and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et. seq.*, as amended (the "Lanham Act"), for statutory and common law trademark infringement, unfair competition, and trademark dilution under the laws of the State of Missouri, and for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2202, and 15 U.S.C. § 1121.  The Court also has jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred in this judicial district, where World Chess Hall of Fame's principal place of business and headquarters is located.

### Factual Allegations

7. Plaintiff World Chess Hall of Fame exhibits one of the world's premier collections of chess and chess-related artifacts, memorabilia, and artwork.  Plaintiff and its predecessors in interest have been providing services in the nature of exhibition halls honoring outstanding chess players since at least as early as 1986, when the United States Chess Federation began offering such services under and in connection with the mark U.S. CHESS HALL OF FAME AND MUSEUM®.  In 1992, the U.S. Chess Trust acquired the exhibition operations and moved them from New Windsor, New York to Washington, D.C.  In 2001, the operations moved to Miami, Florida, and

were expanded to include services offered under and in connection with the additional marks WORLD CHESS HALL OF FAME® and SIDNEY SAMOLE MUSEUM™. Over the next decade, the U.S. Chess Trust continued to expand the collection and number of inductees, and continued to promote and develop substantial recognition and goodwill in the valuable and well-known WORLD CHESS HALL OF FAME® mark. Individuals recognized by the WORLD CHESS HALL OF FAME® services are selected in conjunction with the Federation Internationale des Echecs ("FIDE"), the widely accepted federation of chess, which has approximately 170 national member federations. Individuals recognized by the U.S. CHESS HALL OF FAME AND MUSEUM® services are selected in conjunction with the United States Chess Federation, one of the member federations of FIDE.

8.  Eventually, Plaintiff World Chess Hall of Fame acquired the exhibition operations, including the WORLD CHESS HALL OF FAME® mark, and moved them to Saint Louis, Missouri. The ribbon-cutting ceremony in September 2011 drew more than 350 guests from around the world. Plaintiff continues to provide non-profit exhibition services and other related services, all under and in connection with its valuable and well-known service marks, including WORLD CHESS HALL OF FAME®.

9.  World Chess Hall of Fame is the owner of all right, title and interest in, to, and under the WORLD CHESS HALL OF FAME® mark, which Plaintiff's predecessor in interest first began using at least as early as April 2001. Plaintiff uses the WORLD CHESS HALL OF FAME® mark on and in connection with a variety of non-profit services and goods, including, but not limited to, exhibition services, retail services, and promotional merchandise such as home goods and glassware.

10. U.S. Chess Trust, Plaintiff's predecessor in interest, filed with the U.S. Patent and Trademark Office an application for the WORLD CHESS HALL OF FAME® mark on August 13, 1999, and the WORLD CHESS HALL OF FAME® mark was registered on March 19, 2002 (U.S.

Registration No. 2,551,246).  Exhibit 1.  Plaintiff World Chess Hall of Fame is the record owner of that mark and the registration therefor.  Id.  Plaintiff World Chess Hall of Fame also owns a registration for the U.S. CHESS HALL OF FAME AND MUSEUM® mark (U.S. Registration No. 2,472,756).  Id.

11.     Plaintiff and its predecessor in interest have continuously used the WORLD CHESS HALL OF FAME® mark and registration in interstate commerce on and in connection with the provision of exhibition services, and related services for over ten years, since at least as early as April 2001.

12.     The WORLD CHESS HALL OF FAME® mark has been used, and continues to be used, by World Chess Hall of Fame among the relevant consuming public and consumers, to identify the source or origin of World Chess Hall of Fame's high-quality non-profit services and, further, to distinguish such high-quality non-profit services from products and services offered by its competitors and others.

13.     World Chess Hall of Fame has expended, and continues to expend, a substantial amount of resources, money, time and effort promoting, marketing, advertising and building consumer recognition and goodwill in its valuable non-profit services and operations under and in connection with its valuable and well-known service marks, including, but not limited to, its WORLD CHESS HALL OF FAME® mark.  As a result, the WORLD CHESS HALL OF FAME® mark has become well-known, associated with Plaintiff's services, and those of its predecessor in interest, and has acquired substantial distinctiveness, goodwill, and secondary meaning among the relevant consuming public and consumers.

14.     On information and belief, Defendant Vaughan is the founder, the registered agent, and the president of Defendant WCF.  On information and belief, Defendant WCF offers, among

others, chess tournament and chess instruction services in Las Vegas, Nevada, and throughout the United States, including in this judicial district.

15. On information and belief, Defendants individually and jointly first began offering exhibition related services in connection with the mark WORLD CHESS FEDERATION HALL OF FAME on or about July 8, 2011, more than ten years after Plaintiff's predecessor's first use of WORLD CHESS HALL OF FAME®, and more than nine years after the issuance of Plaintiff's registration therefor. Exhibit 2. Defendants continue to use the infringing mark WORLD CHESS FEDERATION HALL OF FAME in commerce on and in connection with exhibition services—the same services for which Plaintiff and its predecessor in interest have been using the WORLD CHESS HALL OF FAME® mark for more than a decade. Id. Defendants, individually and jointly, advertise, market, offer for sale, and sell their services under and in connection with WORLD CHESS FEDERATION HALL OF FAME to customers and potential customers of World Chess Hall of Fame.

16. Plaintiff World Chess Hall of Fame recently learned that Defendants have used and continue to use WORLD CHESS FEDERATION HALL OF FAME on and in connection with Defendants' business and services, despite World Chess Hall of Fame's long-established rights in and to WORLD CHESS HALL OF FAME®.

17. Consumers, potential customers, and the relevant public are likely to be confused, and likely have already been actually confused, between Plaintiff's WORLD CHESS HALL OF FAME® mark and Defendants' use of WORLD CHESS FEDERATION HALL OF FAME.

18. The likelihood of confusion is further exacerbated by the partial overlap of common inductees recognized by Plaintiff's WORLD CHESS HALL OF FAME® services and Defendants' WORLD CHESS FEDERATION HALL OF FAME services. Compare Exhibit 2 with Exhibit 1.

19. Plaintiff World Chess Hall of Fame and its predecessor in interest are the senior users of the WORLD CHESS HALL OF FAME® mark, and have long and established priority over any rights that Defendants may allege in or to Plaintiff's WORLD CHESS HALL OF FAME® mark.

20. In a good faith effort to amicably resolve the likelihood of confusion created by Defendants' conduct, Plaintiff World Chess Hall of Fame, through counsel, contacted Defendants on or about August 29, 2011, and apprised them of the likelihood of confusion being caused by Defendants' conduct.  Exhibit 3.

21. Defendants responded with two emails and a letter on September 6, 2011, asserting that Defendants have used the mark WORLD CHESS FEDERATION HALL OF FAME since 1992, demanding that Plaintiff cease its use of WORLD CHESS HALL OF FAME®, and representing that Defendant WCF had filed an action to cancel the WORLD CHESS HALL OF FAME® registration with the U.S. Patent and Trademark Office.  Exhibit 3.

22. In fact, Defendants did not file, and on information and belief, still have not filed, any cancellation action regarding the WORLD CHESS HALL OF FAME® registration.  Exhibit 4. In addition, after due diligence, Plaintiff was unable to locate any evidence of use by Defendants of WORLD CHESS FEDERATION HALL OF FAME prior to July 2011.

23. Plaintiff, through counsel, again contacted Defendants requesting evidence of Defendants' purported prior use, if any exists, and again demanding that Defendants cease all use of WORLD CHESS FEDERATION HALL OF FAME.  Exhibit 3.

24. Only after several subsequent requests did Defendants identify any information purporting to show Defendants' use of WORLD CHESS FEDERATION HALL OF FAME prior to July 2011.  Ultimately, Defendants identified four such items.   Exhibit 3.

25. First, Defendants identified a 2009 video purporting to show the induction of Howard Staunton as an honoree of the WORLD CHESS FEDERATION HALL OF FAME services. Exhibit 3. Plaintiff eventually located the identified video on the website YouTube.com, at http://www.youtube.com/watch?v=fHiVgyWmuGc. Not only does this video date from 2009, eight years after Plaintiff's predecessor's first use of the mark, but a review of the video reveals no use of the term WORLD CHESS FEDERATION HALL OF FAME (instead showing that Mr. Staunton was inducted as "World Chess Champion"). Exhibit 5.

26. Second, Defendants identified a 2007 video purporting to show the induction of Reuben Fine. Exhibit 3. After due diligence, Plaintiff has been unable to locate this video, which, regardless, dates from six years after Plaintiff's predecessor's first use of WORLD CHESS HALL OF FAME®.

27. Third, Defendants identified a book authored by Defendant Vaughan, and represented that the "World Chess Federation Hall of Fame and bios of its inductees are covered in the chapter on them pages 7-114 of The Everything Chess Book, by Stan Vaughan ISBN 1-58062-417-0 published in 2000 by ADAMS MEDIA." Exhibit 3. Defendants provided to Plaintiff a scanned image of the cover of the book, but none of the stated relevant pages. Id. After significant effort, Plaintiff has been unable to obtain a copy of the identified book. On information and belief, THE EVERYTHING CHESS BOOK by Defendant Vaughan was pulled from distribution by the publisher, if it was distributed at all, and Adams Media instead published the THE EVERYTHING CHESS BASICS BOOK by Peter Kurzdorfer and the United States Chess Federation to occupy the chess edition of the "THE EVERYTHING BOOK" series (e.g., THE EVERYTHING PHILOSOPHY BOOK, THE EVERYTHING WEDDING BOOK, THE EVERYTHING JOB INTERVIEW BOOK, etc.).

28. Finally, Defendants asserted that "many issues" of *American Chess Monthly* "throughout the 1990's" have referenced the WORLD CHESS FEDERATION HALL OF FAME.

Exhibit 3.  Ultimately, however, Defendants provided only a partial copy of a single issue of *American Chess Monthly* from 1993 referencing WORLD CHESS FEDERATION HALL OF FAME.  The publication indicates that it was produced by Defendant Vaughan.  Id.

29.     The WORLD CHESS FEDERATION HALL OF FAME website, located at www.wcfchess.com, indicates that thirty-seven individuals were formally recognized as "World Chess Federation 'The World Chess Champion' champions" at the 2009 World Chess Federation Congress, and that "[t]hese 37 'The World Chess Champion' champions have been formally inducted as the 37 official members of the World Chess Federation (R) Hall of Fame."  Exhibit 7.

30.     On information and belief, Defendants' list of 37 "The World Chess Champion" champions did not exist until 2009, and that list of champions could not have been inducted as honorees of the WORLD CHESS FEDERATION HALL OF FAME services until 2009 or later— eight years after Plaintiff's predecessor's first use of the WORLD CHESS HALL OF FAME® mark.

31.     Despite numerous bare assertions of prior rights, and demonstrably false representations, Defendants have failed to provide any evidence showing trademark rights in WORLD CHESS FEDERATION HALL OF FAME that may be superior to Plaintiff's rights in its WORLD CHESS HALL OF FAME® mark.

32.     On November 11, 2011, Defendant Vaughan published a notice on the website www.blog.chess.com that Defendant WCF had filed a criminal complaint against the U.S. Chess Trust, Plaintiff's predecessor in interest, in connection with Plaintiff's use of the WORLD CHESS HALL OF FAME® mark.  Exhibit 6.  On the same date, Defendants again sent correspondence to Plaintiff's counsel, demanding that World Chess Hall of Fame cease its use of the WORLD CHESS HALL OF FAME® mark "or face consequences."  Id.  Neither Plaintiff nor, on information and

belief, U.S. Chess Trust, has been served with or otherwise notified of any such criminal complaint, which would, in any event, be frivolous and itself potentially actionable.

33. In view of Defendants' allegations of infringement and material threats, World Chess Hall of Fame seeks a declaration that World Chess Hall of Fame and its predecessor in interest are the senior users of the WORLD CHESS HALL OF FAME® mark and that, as such, Plaintiff's continued use of the long-established WORLD CHESS HALL OF FAME® mark does not infringe any of the actual or imagined rights of Defendants.

34. Defendants' infringement allegations and other conduct discussed above has resulted in an actual controversy between the parties.

35. Consumers, potential customers, and the relevant public are likely to be confused, and likely have already been actually confused, by and between Plaintiff World Chess Hall of Fame's WORLD CHESS HALL OF FAME® mark and Defendants' use of WORLD CHESS FEDERATION HALL OF FAME.

## COUNT I

### Trademark Infringement Under Section 32 of the Lanham Act
### (15 U.S.C. § 1114)

36. World Chess Hall of Fame restates and incorporates by reference each allegation set forth above.

37. World Chess Hall of Fame is the owner of all right, title, and interest in and to the WORLD CHESS HALL OF FAME® mark, and all goodwill appurtenant thereto.

38. Defendants' unlicensed, unauthorized use in commerce of Plaintiffs' WORLD CHESS HALL OF FAME® mark and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with Defendants' business and services, is likely to cause confusion, or to cause mistake, or to deceive.

39. Defendants have thus committed and are continuing to commit acts of trademark infringement in interstate commerce in violation of, *inter alia*, Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40. Defendants' acts of trademark infringement have caused and will continue to cause damage and irreparable harm to World Chess Hall of Fame, and are likely to continue unabated, causing further damage and irreparable harm to World Chess Hall of Fame and to the valuable goodwill symbolized by and associated with its distinctive and well-known WORLD CHESS HALL OF FAME® mark, unless enjoined and restrained by the Court.

41. World Chess Hall of Fame does not have an adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its WORLD CHESS HALL OF FAME® mark, its goodwill, and its reputation.

42. Defendants' trademark infringement is and was knowing and willful.

43. As a result of Defendants' activities, World Chess Hall of Fame has been damaged in an amount to be ascertained at trial.

## COUNT II

**Unfair Competition and False Designation of Origin Under Section 43(a) of the Lanham Act**
**(15 U.S.C. § 1125(a))**

44. World Chess Hall of Fame restates and incorporates by reference each allegation set forth above.

45. Defendants' unlicensed, unauthorized use of Plaintiff's WORLD CHESS HALL OF FAME® mark and/or confusingly similar variations thereof, on or in connection with Defendants' business and services, is likely to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that Defendants are affiliated, connected, or associated with Plaintiff and/or Plaintiff's WORLD CHESS HALL OF FAME® mark.

46.     Defendants' accused activities are likely to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into believing that World Chess Hall of Fame is: (i) the source or origin of Defendants' business, goods and/or services; (ii) sponsoring Defendants' business, goods and/or services; (iii) approving Defendants' business, goods and/or services; and/or (iv) otherwise affiliated with Defendants' business, goods and/or services.

47.     Defendants' accused activities constitute a false designation of origin that wrongly suggests to the relevant consuming public and consumers that such goods and services emanate from, or are licensed, endorsed, approved, or sponsored by, or are in some other way associated or connected with Plaintiff and/or the WORLD CHESS HALL OF FAME® mark.

48.     Defendants have thus committed and are continuing to commit acts of unfair competition and false designation of origin in interstate commerce, in violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendants' acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to World Chess Hall of Fame, and are likely to continue unabated, thereby causing further damage and irreparable harm to World Chess Hall of Fame and to the valuable goodwill symbolized by and associated with its distinctive and well-known WORLD CHESS HALL OF FAME® mark, unless enjoined and restrained by the Court.

50.     Plaintiff does not have an adequate remedy at law.  If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its WORLD CHESS HALL OF FAME® mark, its goodwill, and its reputation.

51.     Defendants' unfair competition and false designation of origin are and have been knowing and willful.

52.     As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT III

**Statutory and Common Law Trademark Infringement and Unfair Competition**

53. World Chess Hall of Fame restates and incorporates by reference each allegation set forth above.

54. The WORLD CHESS HALL OF FAME® mark is distinctive within the meaning of Chapter 417 of the Missouri Revised Statutes, and has been distinctive since prior to Defendants' conduct as described herein. The WORLD CHESS HALL OF FAME® mark is valid at common law.

55. Plaintiff and its predecessor in interest have used the WORLD CHESS HALL OF FAME® mark in interstate and intrastate commerce, including in Missouri, since at least as early as 2001.

56. Defendants' conduct constitutes trademark infringement and unfair competition under Chapter 417 of the Missouri Revised Statutes and under common law.

57. Defendants' acts of trademark infringement and unfair competition have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive and well-known WORLD CHESS HALL OF FAME® mark, unless enjoined and restrained by the Court.

58. World Chess Hall of Fame does not have an adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to the WORLD CHESS HALL OF FAME® mark, its goodwill, and its reputation.

59. Defendants' trademark infringement and unfair competition are and have been knowing and willful.

60. As a result of Defendants' activities, World Chess Hall of Fame has been damaged in an amount to be ascertained at trial.

## COUNT IV

### Statutory and Common Law Trademark Dilution

61. World Chess Hall of Fame restates and incorporates by reference each allegation set forth above.

62. The WORLD CHESS HALL OF FAME® mark is distinctive within the meaning of Chapter 417 of the Missouri Revised Statutes and has been distinctive since prior to Defendants' conduct as described herein. The WORLD CHESS HALL OF FAME® mark is valid at common law.

63. Plaintiff and its predecessor in interest have used the WORLD CHESS HALL OF FAME® mark in interstate and intrastate commerce, including in Missouri, since at least as early as 2001.

64. Defendants' advertising, marketing, promotion, manufacture, distribution, offer for sale, sale, and provision of their business, goods and services under a mark that is identical and/or similar to Plaintiff's WORLD CHESS HALL OF FAME® mark dilutes the distinctive quality of the WORLD CHESS HALL OF FAME® mark, and has been and is being done with the willful intent to trade on Plaintiff's reputation and dilute the distinctive quality and characteristics of the WORLD CHESS HALL OF FAME® mark.

65. Defendants' advertising, marketing, promotion, manufacture, distribution, offer for sale, sale, and provision of goods and services under a mark that is identical and/or similar to Plaintiff's WORLD CHESS HALL OF FAME® mark creates a likelihood of injury to Plaintiff's reputation, and has been and is being done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the WORLD CHESS HALL OF FAME® mark.

66. Defendants' unauthorized use of the WORLD CHESS HALL OF FAME® mark was and is being done with full knowledge that such advertising, marketing, promotion, manufacture, distribution, offer for sale, sale, and provision of goods and services, and operation of a business, was and is not authorized or licensed by World Chess Hall of Fame.

67. Defendants' actions violate, *inter alia*, Missouri Revised Statutes § 417.061 and Missouri common law, and have damaged and will continue to damage Plaintiff and the valuable and well-known WORLD CHESS HALL OF FAME® mark causing irreparable harm for which World Chess Hall of Fame has no adequate remedy at law.

68. Defendants' dilution is and was knowing and willful.

69. As a result of Defendants' activities, World Chess Hall of Fame has been damaged in an amount to be ascertained at trial.

## COUNT V

### Declaratory Judgment of No Trademark Infringement

70. World Chess Hall of Fame restates and incorporates by reference each allegation set forth above.

71. Based on Defendants' assertions, there exists between the parties an actual case or controversy of sufficient immediacy and reality to warrant declaratory relief.

72. Plaintiff World Chess Hall of Fame and its predecessor in interest first began using the WORLD CHESS HALL OF FAME® mark in interstate commerce on and in connection with their tax-exempt business operations at least as early as April 2001.

73. Plaintiff World Chess Hall of Fame and its predecessor in interest have continuously used the WORLD CHESS HALL OF FAME® mark in interstate commerce since at least as early as April 2001.

74. Defendants have admitted in public statements that Defendants' WORLD CHESS FEDERATION HALL OF FAME was not open prior to July 2011, over a decade after Plaintiff World Chess Hall of Fame's predecessor's first use of the WORLD CHESS HALL OF FAME® mark.

75. Plaintiff World Chess Hall of Fame, through its predecessor in interest, is the senior user of the WORLD CHESS HALL OF FAME® mark and has priority over Defendants' alleged rights.

76. As a result of Plaintiff's predecessor's first use in commerce of the WORLD CHESS HALL OF FAME® mark, Plaintiff has priority over Defendants' subsequent and junior use of the name "WORLD CHESS HALL OF FAME" as a component of its purported composite mark WORLD CHESS FEDERATION HALL OF FAME.

77. Plaintiff World Chess Hall of Fame's use of its WORLD CHESS HALL OF FAME® mark does not infringe Defendants' alleged rights. To the contrary, as a subsequent user of WORLD CHESS HALL OF FAME and/or confusingly similar variations thereof, Defendants are violating and infringing Plaintiff's rights in, to, and under its WORLD CHESS HALL OF FAME® mark.

78. World Chess Hall of Fame is entitled to a declaratory judgment that World Chess Hall of Fame's advertising, marketing, promotion, manufacture, distribution, offer for sale, sale, and provision of exhibition services, retail services, promotional merchandise, and other related goods and/or services under and in connection with its registered mark WORLD CHESS HALL OF FAME® does not: (i) infringe Defendants' alleged rights in WORLD CHESS FEDERATION HALL OF FAME; and (ii) constitute unfair competition under the Lanham Act, the common law of the State of Missouri, or any other state law(s) that Defendants may assert.

79. World Chess Hall of Fame is entitled to a declaratory judgment that: Plaintiff World Chess Hall of Fame is the senior and prior user of its WORLD CHESS HALL OF FAME® mark; it has not infringed upon Defendants' alleged trademark rights; and Defendants are infringing upon Plaintiff World Chess Hall of Fame's trademark rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff World Chess Hall of Fame respectfully prays the Court to:

a. Enter a permanent injunction restraining Defendant WCF and Defendant Vaughan and their respective employees, partners, officers, directors, agents, representatives, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from using the WORLD CHESS HALL OF FAME® mark and/or any confusingly similar variations thereof (including but not limited to "WORLD CHESS FEDERATION HALL OF FAME"), in any manner or form, or any other reproduction, counterfeit, copy or colorable imitation of such mark, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promotion, business, manufacture, distribution, offer for sale, sale, and provision of Defendants' services or goods, including filing applications with the U.S. Patent and Trademark Office or other governmental entities to register such marks and/or registering domain names incorporating such marks; from otherwise infringing and/or diluting the distinctive nature of Plaintiff's WORLD CHESS HALL OF FAME® mark; and from otherwise competing unfairly with World Chess Hall of Fame.

b. Order Defendant WCF and Defendant Vaughan to destroy and/or obliterate from any and all labels, signs, brochures, advertisements, stationery, leaflets, and other items in their possession, or under their control, upon which appear or reflect the WORLD CHESS HALL OF FAME® mark, and/or any confusingly similar variations thereof (including but not limited to

"WORLD CHESS FEDERATION HALL OF FAME"), in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of Plaintiff's WORLD CHESS HALL OF FAME® mark, either alone or in combination with any designation, and all plates, molds, matrices and other means of making the same;

      c.      Enter judgment finding that Defendant WCF and Defendant Vaughan have infringed and willfully infringed Plaintiff's WORLD CHESS HALL OF FAME® mark;

      d.      Enter judgment finding that Defendant WCF and Defendant Vaughan have committed unfair competition and false designation of origin by using Plaintiff's WORLD CHESS HALL OF FAME® mark, and that such acts are willful;

      e.      Enter judgment finding that Defendant WCF and Defendant Vaughan have diluted and willfully diluted Plaintiff's WORLD CHESS HALL OF FAME® mark;

      f.      Order Defendant WCF and Defendant Vaughan to compensate Plaintiff for such monetary damages as Plaintiff has sustained:

           (i)      in consequence of Defendants' infringement of Plaintiff's WORLD CHESS HALL OF FAME® mark;

           (ii)      in consequence of Defendants' false designations of origin;

           (iii)      in consequence of Defendants' acts of unfair competition; and

           (iv)      in consequence of Defendants' dilution of Plaintiff's WORLD CHESS HALL OF FAME® mark;

      g.      Order Defendant WCF and Defendant Vaughan to cease further diluting and infringing the WORLD CHESS HALL OF FAME® mark and damaging Plaintiff's goodwill;

      h.      Order Defendant WCF and Defendant Vaughan to account for and pay to Plaintiff all profits realized by Defendants from their infringement of or upon Plaintiff's WORLD

CHESS HALL OF FAME® mark, their false designations of origin, their acts of unfair competition, and their acts of trademark dilution;

  i. Find that the circumstances and actions of Defendants' conduct were willful and sufficient to merit an award of exemplary damages to Plaintiff in the amount of three times the amount found as actual damages;

  j. Enter judgment declaring that World Chess Hall of Fame's use of the WORLD CHESS HALL OF FAME® mark does not infringe the purported rights of Defendant WCF and Defendant Vaughan and does not constitute trademark infringement, false designation of origin, false advertising, or unfair competition, or otherwise violate 15 U.S.C. §§ 1114 or 1125;

  k. Enter judgment declaring that, because World Chess Hall of Fame's predecessor's earlier use of the WORLD CHESS HALL OF FAME® mark establishes that Plaintiff has priority over Defendants' later alleged use of the mark WORLD CHESS FEDERATION HALL OF FAME, Defendants are violating and infringing Plaintiff's rights in, to, and under its WORLD CHESS HALL OF FAME® mark;

  l. Enter judgment declaring that World Chess Hall of Fame has the right to continue use of its WORLD CHESS HALL OF FAME® mark in connection with exhibition services, retail services, promotional merchandise, and any zones of natural expansion for related goods and/or services, throughout the United States;

  m. Order Defendants to pay Plaintiff its costs and expenses incurred in and related to this action;

  n. Order Defendants to pay Plaintiff's attorneys' fees; and

  o. Award such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**BRYAN CAVE LLP**


By: /Matthew G. Minder/
    J. Bennett Clark, #30907MO
    ben.clark@bryancave.com
    Matthew G. Minder, #61686MO
    matt.minder@BryanCave.com
    BRYAN CAVE LLP
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, Missouri 63102-2750
    Telephone: (314) 259-2000
    Facsimile:   (314) 259-2020

**ATTORNEYS FOR PLAINTIFF WORLD CHESS MUSEUM, INC. d/b/a WORLD CHESS HALL OF FAME**