UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WORLD CHESS MUSEUM, INC., )
)
      Plaintiff, )
)
  vs. ) No. 4:12-CV-89 (CEJ)
)
WORLD CHESS FEDERATION, INC., )
et al., )
)
      Defendants. )

### MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motion for an order allowing plaintiff to serve process on defendants by publication. Defendant Stan Vaughan has filed a document titled "Entry of Special Appearance with Memorandum in Support" in which he states that he is appearing for the limited purpose of challenging personal jurisdiction and "to assert constitutional immunity as separate federal court previously acquired jurisdiction to the exclusion of this court." (Doc. #8).[1] The document also contains a response to the plaintiff's motion.

Plaintiff asserts that service by publication with respect to Vaughan and defendant World Chess Federation, Inc. (WFC) is appropriate because defendants have used concealment to avoid service through other means. In support of its motion, plaintiff has submitted the affidavits of its attorney and of Maurice Hicks, Sr., the process server plaintiff retained (Doc. #6-1 and #6-2). Plaintiff's counsel states that

---

[1]Vaughan also purported to file this memorandum on behalf of defendant World Chess Federation, Inc., as its president. While an individual may appear *pro se*, a business entity must appear through counsel admitted to practice before the Court. As such, the Court cannot accept any filings by Vaughan on behalf of his co-defendant and has ordered Vaughan to cease his attempts to do so. (Doc. #11).

he and Vaughan have exchanged correspondence regarding the trademark dispute involved in this lawsuit.  However, Vaughan did not respond to counsel's request for an alternate address for service.  The Hicks affidavit describes the multiple attempts to serve defendants at the address from which Vaughan has sent and received correspondence and that is listed with the Nevada Secretary of State for service on WCF's registered agent.  In his response to the motion, Vaughan states that attempts by Hicks to effect service at the address constitute trespassing.

Under Fed. R. Civ. P. 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Under Fed. R. Civ. P. 4(h), service upon a corporation may be effected in the manner prescribed for service upon an individual under Fed. R. Civ. P. 4(e)(1).  Thus, defendants--located in Nevada--may be served by those methods proscribed by either Missouri or Nevada law. Morningstar Holding Corp. v. G2, LLC, No. CV-10-439, 2010 WL 4641274 *3 (D. Idaho 2010).  In addition, due process requires that the method of service be "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314–15 (1950).

Missouri law provides that service by publication "will not support an *in personam* judgment unless the party sought to be subjected thereto has otherwise voluntarily entered his [or her] appearance." Exertron L.L.C. v. M.I.K.E. Biomechanical Systems, B.V., No. 4:07-CV-285, 2007 WL 1567041 *1 (E.D.Mo. 2007).  Under Nevada law, however, Rule 4(e)(1) of the Nevada Rules of Civil Procedure provides that, "a party may file a motion for service by publication when the opposing party

'resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons.'" <u>National Union Fire Ins. Co. of Pittsburgh, PA v. Monroe</u>, No. 2:10-CV-00385, 2011 WL 383807 *2 (D. Nev. 2011) (quoting Nev. R. Civ. P. 4(e)(1)(i)).  A party seeking service by publication "must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant."  <u>Id.</u>  "Nevada courts principally consider the number of attempts made by plaintiffs to serve the defendants at their residence" and whether plaintiff has exhausted other reasonable methods of locating and serving defendants.  <u>Id.</u>

> The requirements for service by publication under Nevada law are:
>
> the publication [is] to be made in a newspaper, published in the State of Nevada, to be designated by the court or judge thereof, for a period of 4 weeks, and at least once a week during said time . . . In case of publication, where the residence of a nonresident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office, directed to the person to be served at the person's place of residence. The service of summons shall be deemed complete in cases of publication at the expiration of 4 weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the post office is also required, at the expiration of 4 weeks from such deposit.

 Nev. R. Civ. P. 4(e)(1)(iii)).

The Court finds that plaintiff has demonstrated that it has diligently attempted to serve defendants, that it has been unable to effect service on defendants,  and that defendants are deliberately avoiding service of summons despite having actual knowledge of this action.  The efforts taken by plaintiff to effect service on defendants are consistent with other cases in which Nevada courts have authorized service by publication.  See <u>National Union Fire Ins. Co. of Pittsburgh, PA</u>, 2011 WL 383807 *2 (comparing cases).  Finally, Vaughan, who is also an officer of WCF, has received

actual notice of this action.  Thus, the method of service proposed by plaintiff, while a necessary formality, does not implicate the due process concerns typically associated with service by publication.  Cf.  Mullane, 339 U.S. 306.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion for leave to effect service by publication [Doc. #6] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall cause to be published in the Las Vegas Review-Journal, a newspaper of general circulation published in Las Vegas, Nevada, a notice of service by publication which complies in all respects with Nev. R. Civ. P. 4(e)(1)(iii)).  Such notice shall be published at least once a week for four consecutive weeks and shall state the date of its first publication.

**IT IS FURTHER ORDERED** that plaintiff shall send by U.S. mail a summons and copy of the complaint to defendants at the following address:

> Stan Vaughan
> World Chess Federation, Inc.
> 2533 East Palmera Drive
> Las Vegas, NV 89121-4021

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2012.