UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WORLD CHESS MUSEUM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:12-CV-89 (CEJ) |
| ) | |
| WORLD CHESS FEDERATION, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the defendants' motion to dismiss for lack of jurisdiction and to set aside the clerk's entry of default. Plaintiff opposes the motion, and the issues have been fully briefed. Also before the Court is the plaintiff's motion for default judgment.

I.   Background

Plaintiff brings this action asserting claims of trademark infringement, unfair competition, and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et. seq.* Plaintiff also asserts claims of statutory and common law trademark infringement, unfair competition, and trademark dilution under Missouri law. The dispute concerns the defendants' use of the WORLD CHESS HALL OF FAME® mark of which plaintiff claims exclusive ownership.

Defendant World Chess Federation (WCF) is a non-profit corporation organized under the laws of Nevada and having a principal place of business in Nevada. Defendant Stan Vaughan is WCF's registered agent and is a resident of Nevada. The

defendants move to dismiss this action for lack of personal jurisdiction and for improper venue. See Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Defendants further move to set aside the clerk's default entered on July 17, 2012, asserting lack of personal jurisdiction.

## II. Discussion

A plaintiff has the burden of establishing that personal jurisdiction exists over a non-resident defendant. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). In opposing the motion to dismiss, a plaintiff need only make a prima facie showing of jurisdiction. Wessels, Arnold & Henderson v. National Med. Waste, Inc., 65 F.3d 1427, 1431 (8th Cir. 1995); Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). "In considering a motion under Rule 12(b)(2), the Court views the facts in a light most favorable to plaintiff, the party opposing the motion." Maritz, Inc. v. Cybergold, Inc., 947 F. Supp. 1328, 1329 (E.D. Mo. 1996) (citing Aarib Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977).

A two-part inquiry is required in order for a Missouri court to determine whether it has personal jurisdiction over a non-resident defendant. Uncle Sam's Safari Outfitters, Inc. v. Uncle Sam's Army Navy Outfitters-Manhattan, Inc., 96 F. Supp. 2d 919, 920 (E.D. Mo. 2000) (citing CPC-Rexcell, Inc. v. La Corona Foods, Inc., 912 F.2d 241, 243 (8th Cir. 1990)). "The court must first examine whether personal jurisdiction exists under Missouri's long-arm statute. If so, the court must determine whether the exercise of personal jurisdiction is consistent with the Due Process Clause." Id.

The Missouri long-arm statute, Mo. Rev. Stat. § 506.500, provides, in relevant part:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of such acts . . .

Among the acts enumerated is the commission of a tort within the state. Mo. Rev. Stat. § 506.500.1(3).  It is on this basis that plaintiffs assert that personal jurisdiction exists.

"Infringing upon a trademark, as a tort, may be grounds for personal jurisdiction under Missouri's long-arm statute." Johnson v. Arden, 614 F.3d 785, 797 (8th Cir. 2010); Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1388 (8th Cir. 1991) ("Infringement of a trademark is a tort" and the economic effects of infringement are felt where the trademark owner has its principal place of business). In the complaint, plaintiff alleges infringing acts by the defendants which, if true, could constitute tortious conduct in Missouri.  Construing the allegations in a light most favorable to plaintiff, the Court concludes that defendants' alleged acts fall within the conduct specified in Missouri's long-arm statute. See Furminator, Inc. v. Wahba, 2011 WL 3847390, at *2 (E.D. Mo. 2011) ("The individual categories [in the Missouri long-arm statute] are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted 'to provide for jurisdiction . . . to the full extent permitted by the Due Process Clause.'").

In order to satisfy the due process prong of the personal jurisdiction analysis, the plaintiff must show "minimum contacts" between defendants and the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "The Eighth Circuit has set forth a five factor test for determining whether there are sufficient minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the

quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.  The first three factors are of primary importance." Uncle Sam's Safari Outfitters, Inc., 96 F. Supp. 2d at 921.  "The defendant's 'contacts' with the forum state generally must not arise due to mere fortuity, but must arise because the defendant has 'purposefully availed' itself of the privilege of conducting activities in the state." Pangea, Inc. v. Flying Burrito LCC, 647 F.3d 741, 745 (8th Cir. 2011) (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958).

There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984).  Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state. Id. at 414.  "[S]pecific jurisdiction is warranted when defendant purposely directs its activities at the forum state and the litigation results from injuries . . . relating to the defendant's activities in the forum state." Myers v. Casino Queen, 2012 U.S. App. LEXIS 17543, *16 (8th Cir. 2012) (citing Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008)).  In contrast, general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. Helicopteros, 466 U.S. at 414.  "A court may assert general jurisdiction over foreign (sister-state or foreign country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2851 (2011).  There is no contention by plaintiff that defendants

engaged in "continuous and systematic contacts" with Missouri for general jurisdiction to exist.  Accordingly, plaintiff must establish specific jurisdiction.

The record shows that defendants' contacts with Missouri are quite minimal. Defendant Vaughan is a citizen of Nevada, has never traveled through an airport located in Missouri, has no business ties with Missouri, and has not solicited business in Missouri. Defendant WCF is a Nevada corporation with its principal place of business in Nevada.  It has no mailing or office locations outside of Nevada and does not engage in any business in or solicit business from Missouri.  Defendant WCF maintains a passive website that does not solicit business, does not contain any interactive features, and provides nothing but information relating to the organization and its members.

In its memorandum, plaintiff refers to threats made by defendants "directed at plaintiff in Missouri" as support for the existence of personal jurisdiction.  Plaintiff does not describe the alleged threats in its memorandum, but cites to paragraphs 20-33 of the complaint, in which it is alleged that plaintiff contacted defendant in 2011 to "resolve the likelihood of confusion created by defendants' conduct" and that defendants responded with an assertion that they had used the mark since 1992, demanded that plaintiff cease its use of the mark, and that defendants had filed an action in the U.S. Patent and Trademark Office to cancel plaintiff's registration of the mark.  Plaintiff states that it was unable to locate any evidence of defendants' use of the mark prior to July 2011 and that defendants could not produce sufficient evidence of such use.  Plaintiff also claims that the defendants' website indicated that defendant WCF "had filed a criminal complaint against the U.S. Chess trust, plaintiff's predecessor in interest, in connection with plaintiff's use" of the mark[,]" which plaintiff asserts

never occurred.  Plaintiff further alleges that defendants sent plaintiff's counsel a letter demanding that plaintiff cease its use of the mark "or face consequences."

"[C]ease-and-desist letters . . . standing on their own will not suffice to confer this Court with personal jurisdiction" over defendants.  <u>BIB Mfg. Co. v. Dover Mfg. Co.</u>, 804 F. Supp. 1129, 1133 (E.D. Mo. 1992); <u>Genetic Implant Sys. v. Core-Vent Corp.</u>, 123 F.3d 1455 (Fed. Cir. 1997) ("sending infringement letters, without more activity in a forum state, is not sufficient to satisfy the requirements of due process."). Although the inclusion of a statement such as "stop or 'face the consequences'" can certainly be considered inappropriate or unprofessional, such language would not add support to the finding of sufficient contacts with the forum state.

The operation of the website is also not of the nature or quality that would demonstrate an intent by defendants to purposefully target Missouri.  <u>See</u> <u>Uncle Sam's Safari Outfitters, Inc.</u>, 96 F. Supp. 2d at 923 ("Although defendants' web site is available to anyone with Internet access, the mere operation of a web site, without 'something more,' is clearly insufficient as a basis for exercising personal jurisdiction."). There is no evidence or information showing that defendants' website advertises, solicits, or engages in any business transactions with Missouri residents.  <u>See</u> <u>Enterprise Rent-A-Car Co. v. Stowell</u>, 137 F. Supp. 2d 1151, 1157 (E.D. Mo. 2001) ("If the website is passive, personal jurisdiction is lacking.").

The notation on defendants' website in 2011 pertaining to an alleged criminal complaint against plaintiff also does not support the exercise of personal jurisdiction over defendants.  The nature and quality of such a contact with Missouri is simply not sufficient to subject the non-resident defendants to a Missouri court.  In order to subject themselves to the jurisdiction of the forum state, the defendants would have

to do something more than merely place information on the Internet. See <u>Pangea, Inc. v. Flying Burrito LCC</u>, 647 F.3d at 745; <u>Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.</u>, 334 F.3d 390, 400 (4th Cir. 2003).

Any interest Missouri may have in providing a forum for plaintiff is outweighed by the insufficient nature, quality, and quantity of the defendants' contacts to justify the exercise of jurisdiction. See <u>Uncle Sam's Safari Outfitters, Inc.</u>, 96 F. Supp. 2d at 924 ("Missouri has an interest in resolving the case because a Missouri corporation's trademark is allegedly being infringed.  The plaintiff also has an interest in adjudicating the action in Missouri because it is a Missouri corporation.  However, these factors of the test are considered less important by the Eighth Circuit.").  For the reasons discussed above, the Court concludes that plaintiff has not made a prima facie showing that jurisdiction over defendants is proper.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of jurisdiction and to set aside default  [Doc. #46] is **granted**.

**IT IS FURTHER ORDERED** that the July 17, 2012 entry of default by the Clerk of Court [Doc. # 44] is **vacated**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #45] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2013.