UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WORLD CHESS MUSEUM, INC.,    )
                             )
        Plaintiff,            )
                             )
    vs.                      )    No. 4:12-CV-89 (CEJ)
                             )
WORLD CHESS FEDERATION, INC.,)
et al.,                      )
                             )
        Defendants.           )

# MEMORANDUM AND ORDER

This matter is before the Court on defendants' bill of costs. Plaintiff has filed objections.

## I. Background

On January 14, 2013, this action was dismissed for lack of personal jurisdiction and defendants were awarded costs. Defendants timely filed a bill of costs in the total amount of $22,040.54. These costs include $3,709.49 in fees for exemplification and copies necessarily obtained for use in the case; $723.55 in postage; $30.00 for notary services; and $17,557.50 for attorney's fees. In support of the bill of costs, defendants have submitted an invoice from the Law Office of Warren R. Markowitz, an "expense diary," and various copies of receipts and stamp booklets. (Doc. #54). The bill of costs is also accompanied by the affidavit of defendant Stan Vaughan affirming that the expenses claimed were incurred in "the defense of this action." (Doc. #52-1).

## II. Legal Standard

Recovery of costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d). Although there is a presumption of awarding costs to the prevailing party, the district court has

substantial discretion in awarding costs." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006).

Not all costs are taxable against the losing party. Under 28 U.S.C. § 1920, allowable costs are limited to the following:

> (1) Fees of the Clerk and Marshal;
>
> (2) Fees for printed or electronically stored transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

II. Discussion

A. Fees for Exemplification and Copies of Papers

Defendants request $3,709.49 for exemplification and copying charges. Defendants submit five documents which purport to show copying fees charged by the Nevada State Chess Association in the sum of $2,345.00. Defendants also submit receipts from retail stores reflecting charges for ink, paper, index cards, glue, envelopes, and items described as "SmartCut Easy Blade Plus" and "Cutting-Per Ream."

"Copying costs are only taxable if the copies were 'necessarily obtained for use in the case.'" St. Louis Convention & Visitors Comm'n v. NFL, 1998 U.S. Dist. LEXIS

22219, at *11 (E.D. Mo. Sept. 14, 1998) (quoting 28 U.S.C. § 1920). If the copies are made for the convenience of the prevailing party or his attorney, the costs of making those copies are not taxable. Id. at *12. "The absence of entries describing what documents were photocopied, and for what purpose, prohibits the Court from weighing in on the necessity of the photocopying and exemplification charges." Freedom Mortg. Corp. v. Burnham Mortg., Inc., 2008 WL 4534162, *1 (N.D. Ill. 2008); see also Droste v. Julien, 2006 U.S. Dist. LEXIS 28317, at *6 (E.D. Mo. Apr. 27, 2006).

The documentation provided by defendants does not supply the Court with sufficient information to determine whether the amount claimed for copying is reasonable and taxable. The receipts do not indicate whether the copies and supplies were necessarily obtained for this case or whether they were obtained for the convenience of the defendants or their counsel. The submission of an affidavit that affirms in a general way that the expenses listed were necessarily incurred in the defense in the case is not an adequate substitute for providing appropriate documentation. See e.g. Standard Communications, Inc. v. U.S., 106 Fed. Cl. 165 (2012) ("As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary.").

Accordingly, defendants are not entitled to recover $3,709.49 for exemplification and copies.

### B. Postage

Courts may award costs not specifically enumerated in 28 U.S.C. § 1920, but must exercise "sparingly" their discretion to do so. Farmer v. Arabian American Oil Co., 379 U.S. 227, 235 (1964). Postage is not an item included under § 1920 and many courts, including the Eighth Circuit, choose not to award these costs to prevailing

parties. See Smith v. Tenet Health System SL, Inc., 436 F.3d 879 (8th Cir. 2006) (holding that postage expenses are nonrecoverable); Hollenbeck v. Flastaff Brewing Corp., 605 F. Supp. 421 (E.D. Mo. 1985) (postage expenses are to be considered "out-of-pocket expenses" and not "costs" under § 1920); see also Avirgan v. Hull, 705 F. Supp. 1544, 1546 (S.D. Fla. 1989); Doe v. Rumsfeld, 501 F. Supp. 2d 186, 195 (D.D.C. 2007); Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996).

Accordingly, defendants are not entitled to recover $723.55 requested for postage.

### C. Notary

Fees paid for notary services are not enumerated in 28 U.S.C. § 1920. However, notary fees incurred in connection with depositions that are reasonably necessary for defending a claim are generally allowable. See Morrissey v. County Tower Corp., 568 F. Supp. 980 (E.D. Mo. 1983). Defendants have submitted three receipts totaling $25.00 for notary services, but provide no explanation for why these services were necessary.

Accordingly, defendants' claim for notary fees will be disallowed.

### D. Attorney Fees

A claim for attorney's fees is separate and distinct from a claim for costs; there is no provision for recovering attorney's fees under 28 U.S.C. § 1920. Here, defendants have inappropriately included an attorney's fee claim in their bill of cost.[1] Therefore, their claim will be disallowed.

Accordingly,

---

[1] Rule 54(d)(2) of the Federal Rules of Civil Procedure and Local Rule 8.02 require that a claim for attorney's fees be made by motion.

**IT IS HEREBY ORDERED** that defendants' bill of costs [Doc. #52] is **denied**.

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 6th day of March, 2013.